UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIMBERLY ACEVEDO MAUCK,**

 **Plaintiff,**

v.              **Case No.: 8:24-cv-0623-SDM-AAS**

**PUBLIX SUPER MARKETS, INC.,**

 **Defendant.**
_____/

## ORDER

Defendant Publix Supermarkets, Inc. (Publix) requests that the court award of attorney's fees for $1,395.00 against Plaintiff Kimberly Acevedo Mauck. (Doc. 29). Ms. Mauck did not respond, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

**I.**  **BACKGROUND**

Publix moved for an order compelling Ms. Mauck to respond to Publix's First Set of Interrogatories and Requests for Production of Documents. (Doc. 26). Ms. Mauck did not respond to Publix's motion. The court granted Publix's motion to compel and awarded reasonable attorney's fees and expenses incurred in bringing its motion against Ms. Mauck. (Doc. 28); *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must . . .

1

require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Publix now requests that the court award $1,395.00 in attorney's fees in connection with Publix's motion to compel. (Doc. 29).

## II.   ANALYSIS

Under Fed. R. Civ. P. 37(a)(5)(A), the court has determined that an award of reasonable attorney's fees is appropriate. As to the amount, the Eleventh Circuit applies the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The moving party bears the burden of establishing the reasonableness of its hourly rate and the number of hours expended. *Norman v. Hous. Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making fee determinations, the court can rely on its expertise regarding the prevailing hourly rates in the marketplace and the number of hours expended. *Id.*

The court has reviewed counsel's declaration and time records. (Doc. 29-1). The requested hourly rates and number of hours performed are reasonable. (*See* Doc. 29-1, Ex. A). Specifically, the reasonable attorney's fees incurred

relating to Publix's motion to compel are $1,395.00, comprising 3.1 hours of work at the regular hourly rate Publix's counsel charges of $450.00.

## III.   CONCLUSION

Accordingly, Publix's motion for attorney's fees (Doc. 29) is **GRANTED**. The court orders fee shifting under Fed. R. Civ. P. 37(a)(5)(A), in the amount of $1,395.00 against Ms. Mauck.

**ENTERED** in Tampa, Florida, on December 16, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge